**RENQUAN PAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–73172.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

David B. Gibson, Esq., Attorney at Law, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of U.S. Attorney Federal Building, Los Angeles, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Renquan Pan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey,* 533 F.3d 1044, 1051 (9th Cir.2008), and review de novo due process claims, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Pan testified inconsistently, and without adequate explanation, about the sequence of events central to his claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). In the absence of credible testimony, Pan failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Pan's CAT claim is based on the same statements found to be not credible, and he points to no evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to China, substantial evidence supports the agency's denial of CAT relief. *See id.* at 1156–57.

Pan's due process contentions fail because the record reflects that he was given a "full and fair hearing" and a "reasonable

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

opportunity to present evidence on his behalf." *See Colmenar*, 210 F.3d at 971. Nor does the record support Pan's contention that the IJ acted as a prosecutor rather than as a neutral fact-finder, thereby violating Pan's due process rights. *See Halaim v. INS*, 358 F.3d 1128, 1137 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.